# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| In re:<br><br>FIBRANT, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-10274 (SDB)<br><br>Jointly Administered<br><br>**RE: D.I. 600** |

### OBJECTION AND RESERVATION OF RIGHTS OF AUGUSTA SULFATE COMPANY, LLC TO THE AMENDED AND RESTATED PLAN OF CONFIRMATION OF THE DEBTORS

August Sulfate Company, LLC ("ASC"), by and through its undersigned counsel, hereby files its Objection and Reservation of Rights (the "Objection") to the Debtors' *Amended and Restated Plan of Confirmation* (the "Plan") [D. I. 600] and, in support thereof, respectfully represents as follows:

### BACKGROUND

1. On February 23, 2018, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On February 13, 2019, the Debtors filed the Plan and their *Disclosure Statement for Amended and Restated Plan of Liquidation* [D.I. 600] (the "Disclosure Statement").[2] The Plan and Disclosure Statement provide for, among other things, the treatment of Class 1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fibrant, LLC (6694); Evergreen Nylon Recycling, LLC (7625); Fibrant South Center, LLC (8270); and Georgia Monomers Company, LLC (0042).

[2] Capitalized words use but not defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement or the Proof of Claim (as defined below).

Miscellaneous Secured Claims as a class of unimpaired claims whose "legal, equitable and contractual rights of the Holders . . . are unaltered." Plan, § 3.2.2.

3. As more fully set forth in ASC's Proof of Claim, claim no. 87, filed on July 30, 2018 (the "Proof of Claim"), ASC, Fibrant and the other Fibrant Parties are parties to the APA, the Tolling Agreement, and the Settlement Agreement. ASC filed the Proof of Claim to reflect its claim of $1,186,738.00 for amounts loaned to the Fibrant Parties (the "Loan"). The Loan is secured by the FSC Property pursuant to a Deed to Secure Debt, Security Agreement and Fixture Filing in favor of ASC. Pursuant to the Settlement Agreement, the Fibrant Parties, among other things, are required to market and sell the FSC Property and pay to ASC fifty percent (50%) of the proceeds from the sale of the FSC Property. Further, as more particularly described in the Settlement Agreement, ASC also holds a right of first refusal to purchase the FSC Property for fifty-percent (50%) of the purchase price set forth in any purchase offer that is accepted by the Debtors, all as more particularly set forth in the Settlement Agreement, Proof of Claim and related documents.

4. The Plan provides for the assumption of the Settlement Agreement by Fibrant. Plan, Art. V, section 5.1.[3] As further explained in the Plan, the Debtors recognize ASC's rights under the Settlement Agreement to 50% of the proceeds from the sale of the FSC property. Plan, Art. VI, section 6.13. However, the Debtors make no mention of ASC's right of first refusal under the Settlement Agreement and have not indicated how such right shall be treated under the Plan.

---

[3] Section 5.1 indicates that any Executory Contracts listed on Schedule 3 of the Plan "shall be deemed assumed by Fibrant." Item 1 on Schedule 3 is the Settlement Agreement, listing ASC as the contractual counterparty. *See* Disclosure Statement, Art. II (A)(2) ("The Debtors have marketed the Fibrant South Property for sale; if and when the Debtors sell the Fibrant South Property, they are obligated under the terms of a January 2018 settlement to remit fifty percent (50%) of the sale proceeds to Augusta Sulfate Company, LLC.").

5. The Debtors proceeded to market the FSC Property through a sales agent and obtained a purchase offer. Such purchase offered triggered ASC's right of first refusal under the Settlement Agreement. ASC intends to exercise its right of first refusal on the FSC Property and has submitted a corresponding purchase contract to the Debtors in accordance with the Settlement Agreement. ASC and the Debtors have not yet fully executed the agreement.

## OBJECTION AND RESERVATION OF RIGHTS

6. A chapter 11 plan is confirmable if it complies with all of the requirements of 11 U.S.C. § 1129(a). Among other things, the plan itself and the plan proponent must both comply with the applicable provisions of the Bankruptcy Code for the plan to be confirmable. 11 U.S.C. § 1129(a)(1)-(2). Pursuant to § 1123(a)(3) of the Bankruptcy Code, a chapter 11 plan must "specify the treatment of any class of claims or interest that is impaired under the plan." 11 U.S.C. § 1123(a)(3). An interest or claim is impaired under the Bankruptcy Code unless the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." 11 U.S.C. § 1124(1).

7. ASC's various claims under the Fibrant Agreements have been categorized under the Plan as Class 1 Miscellaneous Secured Claims. Plan, Art. III, section 3.1. Among other things, this means the Debtors contend that ASC's legal and equitable rights under the Fibrant Agreements are unaltered. *See* Disclosure Statement, Art. V, section (A)(2)(a).

8. This categorization is inaccurate. As discussed above, the Settlement Agreement provides ASC with a right of first refusal upon receipt by the Debtors of a purchase offer on the FSC Property. Thus, payment of 50% of the proceeds of the sale of the FSC Property would only satisfy ASC's claim if ASC had not exercised its rights of first refusal. As written, the

Plan fails to recognize ASC's right of first refusal – which ASC has exercised by sending a purchase contract to the Debtors consistent with its rights under the Settlement Agreement.

9. Given the Plan's omission of ASC's right of first refusal, it is unclear whether the Debtors intend to impair such rights through confirmation. As such, the Plan, in its current form, cannot be confirmed because it fails to account for the treatment of ASC's contractual right of first refusal under an agreement the Debtors expressly assume pursuant to the Plan.

10. Moreover, because of the Plan's to provide for a resolution of ASC's right of first refusal, ASC's claim cannot be treated as unimpaired because all of its rights under the Settlement Agreement would not be "unaltered." *See* 11 U.S.C. § 1124(1). By incorrectly treating ASC's claims as unimpaired, ASC is deprived of its opportunity to vote on the propriety of the plan as approved by this court in its *Order Approving:(I) The Disclosure Statement with Respect to Amended and Restated Plan of Liquidation; (II) Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan; and (III) Related Notice and Objection Procedures* [D.I. 604] ("Voting Order"), entered into on February 14, 2019. In accordance therewith, ASC should receive a Solicitation Package as a Holder of a Claim in a Voting Class and be given the opportunity to vote on the Plan. *See* Voting Order, ¶ 5-6.

11. Thus, the Plan cannot be confirmed as it omits ASC's rights of first refusal and lacks clarity as to the Debtor's intention with regard to such rights, and, in light of the foregoing, the Plan does not meet all of the requirements § 1129(a) because the Plan and the Debtors have failed to comply with the applicable provisions of the Bankruptcy Code, including § 1123.[4] *See In re Mableton, LLC*, No. 15-40124-EJC, 2017 WL 2480579, at *10

---

[4] ASC also objects to the *Debtors' Notice of Proposed Cure Amounts* [D.I. 628] ("Cure Notice"), which lists ASC's cure amount under the Settlement Agreement as $0.00, to the extent that ASC is owed any proceeds from the sale of the FSC Property. Although acceptance by the Debtors of ASC's purchase offer on the FSC Property will result in satisfaction of ASC's claims under the Settlement Agreement, ASC objects to the Cure Notice out of an abundance of caution in the event the Debtors and ASC do not consummate a purchase agreement for the FSC Property.

(Bankr. S.D. Ga. June 7, 2017) ("[T]he proponent of the plan has the burden of establishing the requirements enumerated in 11 U.S.C § 1129(a)(1)-(16)."). The Plan's omission of ASC's rights of first refusal means there is an improper classification of ASC's legal and equitable rights under the Settlement Agreement and various other Fibrant Agreements violates the provisions of the Bankruptcy Code. *See In re Yates Dev., Inc.*, 258 B.R. 36, 42 (Bankr. M.D. Fla. 2000) (holding that the failure to properly treat and designate a creditor's claim as impaired contravenes § 1123(a)(3)).

## CONCLUSION

**WHEREFORE**, ASC respectfully requests that the Court (i) sustain this Objection, and (ii) grant such other relief as is just and proper under the circumstances.

Dated: April 5, 2019

By: */s/ Matthew R. Brooks*
Matthew R. Brooks (Ga. Bar No. 378018)
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900
Email: matthew.brooks@troutman.com

*Counsel for August Sulfate Company, LLC*

38560799v4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 5, 2019, I caused to be served the **Objection and Reservation of Rights of Augusta Sulfate Company, LLC, To the Amended and Restated Plan of Confirmation of the Debtors** by email or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Fibrant, LLC
P.O. Box 2451
Augusta, GA 30903

Paul K Ferdinands
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

Fibrant, LLC
Attn: Lawrence Hirsh
c/o Alvarez & Marsal North America, LLC
Monarch Tower
3424 Peachtree Road NE, Suite 1500
Atlanta, GA 30326

U.S. Trustee
Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401

Lowenstein Sandler, PC
Attn: Jeffrey D. Prol
65 Livingston Ave.
Roseland, NJ 07068

Lowenstein Sandler, PC
Attn: Bruce S. Nathan
1251 Avenue of the Americas
New York, NY 10020

38560799v4

Lathan & Watkins, LLP
Attn: Adam J. Goldberg
885 Third Avenue
New York, NY 10022

Bowen Anderson Klosinski
Klosinski Overstreet
1229 Augusta West Parkway
Augusta, GA 30909

Creditor Committee
Official Committee of Unsecured Creditors
Attn: Bruce Nathan
Lowenstein & Sandler
1251 Avenue of the Americas
New York, NY 10020

John T. Garcia, Sr.
Law Office of John T. Garcia
205-B North Belair Rd (P O Box 1984)
Evans, GA 30809

Michael D. Lichtenstein
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068


Dated: April 5, 2019

                By: */s/ Matthew R. Brooks*
                    Matthew R. Brooks (Ga. Bar No. 378018)
                    TROUTMAN SANDERS LLP
                    Bank of America Plaza
                    600 Peachtree Street NE
                    Suite 3000
                    Atlanta, GA 30308-2216
                    Telephone: 404.885.3000
                    Facsimile: 404.885.3900
                    Email: matthew.brooks@troutman.com

38560799v4