**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **FIBRANT, LLC, *et al.*,** [1] | ) | **Case No. 18-10274 (SDB)** |
| | ) | |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

## DEBTORS' OBJECTION AND RESPONSE TO MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE OF SHERMAN AND HELMSTREET REAL ESTATE COMPANY [DKT. #858]

Fibrant, LLC ("Fibrant") and its affiliated debtors-in-possession (collectively, "Debtors") object and respond to the *Motion for Payment of Administrative Expense of Sherman and Helmstreet Real Estate Company* [Docket No. 858] (the "Broker Motion") filed by Sherman and Helmstreet Real Estate Company ("S&H").

## ARGUMENT AND AUTHORITIES

1.      In the Listing Agreement for Sale of Real Property that forms the basis for S&H's administrative expense request (the "Listing Agreement"), S&H agreed that no commission or other payment to S&H would be due or payable in the event the property in question (the "Property") was purchased by Augusta Sulfate Company, LLC or any of its affiliates (collectively, "ASC"). *See* Broker Motion, Exhibit A, at ¶ 3 ("Notwithstanding any other provision of this Listing Agreement, no commission or other payment shall be due or payable to Broker in the event all or any portion of the Property is sold, conveyed or transferred to Environmental Liability

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fibrant, LLC (6694); Evergreen Nylon Recycling, LLC (7625); Fibrant South Center, LLC (8270); and Georgia Monomers Company, LLC (0042).

Transfer, Inc. ("ELT"), Augusta Sulfate Company, LLC ("ASC"), or any affiliate of ELT or ASC (collectively, the "Excluded Buyers").").

    2.    Ten months before execution of the Listing Agreement, ASC was granted a contractual right of first refusal to purchase the Property pursuant to a settlement agreement with Fibrant dated January 1, 2018. The settlement agreement was attached to ASC's proof of claim filed on July 30, 2018, four months before S&H entered into the Listing Agreement.  In addition, prior to the execution of the Listing Agreement, David Leach (the CEO and General Manager of the Debtors) disclosed to S&H (David Moretz) in writing the existence of the ASC right of first refusal.

    3.    Because ASC had a right of first refusal with respect to any sale of the Property, the Listing Agreement specifically carved out S&H's commission in the event of a sale to ASC. S&H was aware of ASC's right of first refusal and knew it would not be entitled to a commission if ASC exercised that right.

    4.    In paragraph 7 of the Broker Motion, S&H refers to an unnamed "third-party" that has entered into an agreement to purchase the Property. As the Court will recall from the Confirmation Hearing, the name of that "third-party" is ASC and the purchase agreement with ASC was filed with the Court [Docket No. 833].

    5.    Based on the foregoing, under the express terms of the Listing Agreement, S&H is not entitled to a commission or any other payment from the Debtors.

## CONCLUSION

For the foregoing reason, the Debtors respectfully request that the Court enter an Order denying the Broker Motion.

Dated:  June 5, 2019                **KING & SPALDING LLP**


/s/ *Paul K. Ferdinands*
Paul K. Ferdinands
Georgia Bar No. 258623
pferdinands@kslaw.com
Jonathan W. Jordan
Georgia Bar No. 404874
jjordan@kslaw.com
Sarah L. Primrose
Georgia Bar No. 532582
sprimrose@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

    and

**KLOSINSKI OVERSTREET, LLP**

James C. Overstreet Jr.
Georgia Bar No. 556005
jco@klosinski.com
1229 Augusta West Parkway
Augusta, GA 30909
Telephone:  (706) 863-2255
Facsimile:  (706) 863-5885


**COUNSEL FOR THE
DEBTORS-IN-POSSESSION**